UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| YASMANI ORDAZ SAEZ,<br>Plaintiff,<br>v.<br>JP MORGAN CHASE BANK NA,<br>Defendant. | CASE NO. 2:26-cv-03697-LK<br><br>ORDER DENYING MOTION FOR REMOTE APPEARANCES AND FOR COURT-COORDINATED INTERPRETER AND GRANTING IN PART AND DENYING IN PART MOTION FOR SERVICE |

This matter comes before the Court on pro se Plaintiff Yasmani Ordaz Saez's Ex Parte Motion to Proceed In Forma Pauperis and for Service by the U.S. Marshals Service, Dkt. No. 7, Motion for Remote Appearances Unless Personal Attendance is Expressly Ordered, Dkt. No. 8, and Motion for Court-Coordinated Spanish Interpreter and Payment by Defendant, Dkt. No. 9. For the reasons stated below, the Court grants in part and denies in part the first motion, and denies the latter two motions.

## I. BACKGROUND

Ordaz Saez filed a motion for leave to appear in forma pauperis and his proposed complaint

on September 28, 2026. Dkt. No. 1. On October 2, 2026, Magistrate Judge S. Kate Vaughan granted Ordaz Saez's motion for leave to appear in forma pauperis. Dkt. No. 5.

## II. DISCUSSION

### A. The Court Grants in Part and Denies in Part Ordaz Saez's Motion to Proceed In Forma Pauperis and for Service by the U.S. Marshals Service

Ordaz Saez moves "for leave to proceed without prepayment of fees or security[.]" Dkt. No. 7 at 1. Because Judge Vaughan granted Ordaz Saez's Motion for Leave to Proceed In Forma Pauperis, Dkt. No. 5, the Court denies this request as moot.

Ordaz Saez also "requests service by the United States Marshals Service," or, "[i]f the Court directs an initial request for waiver under Rule 4(d)," he "requests authorized service if a valid waiver is not timely returned." Dkt. No. 7 at 2. Under Federal Rule of Civil Procedure 4(c)(3), "[a]t the plaintiff's request, the court may order that service be made by a United States marshal or deputy marshal or by a person specially appointed by the court." Fed. R. Civ. P. 4(c)(3). The court is obligated to order such service if the plaintiff is "authorized to proceed in forma pauperis under 28 U.S.C. § 1915," as Ordaz Saez is here. *Id.* Accordingly, the Court grants in part Ordaz Saez's motion for service pursuant to 28 U.S.C. § 1915(d) and Federal Rule of Civil Procedure 4(c)(3), and orders that the Clerk shall request a waiver from JPMorgan Chase as set forth below.

Ordaz Saez also asks the Court to "set or extend the Rule 4(m) service period as necessary to accommodate screening and court-directed service." Dkt. No. 7 at 3. Ordaz Saez filed his proposed complaint on September 28, 2026, Dkt. No. 1, so ample time remains to serve JPMorgan Chase within the 90-day period in Rule 4(m). Therefore, the Court denies this request without prejudice, meaning that Ordaz Saez can renew the request later if necessary.

**B. The Court Denies Ordaz Saez's Motion For Remote Appearances Unless Personal Attendance is Expressly Ordered**

Ordaz Saez "requests permission to appear by live two-way video as the ordinary method for conferences and non-evidentiary hearings, unless the Court expressly requires his physical appearance." Dkt. No. 8 at 1. There are currently no conferences or hearings scheduled in this case, and therefore Ordaz Saez's request to appear remotely at conferences is premature. The Court also notes that "[u]nless otherwise ordered by the court, all motions will be decided by the court without oral argument." LCR 7(b)(4). The Court accordingly denies this motion without prejudice.

**C. The Court Denies Ordaz Saez's Motion for Court-Coordinated Spanish Interpreter and Payment by Defendant**

Ordaz Saez "moves under Federal Rule of Civil Procedure 43(d) for appointment of a neutral Spanish-English interpreter, coordinated by the Court, for oral proceedings requiring his participation." Dkt. No. 9 at 1. Ordaz Saez "requests that JPMorgan Chase Bank, N.A. pay and advance all reasonable Court-approved interpreter charges, without an advancement payment from Plaintiff subject to final allocation by the Court." *Id.*

The Court has been unable to locate any authority requiring a defendant to provide an interpreter for a plaintiff who chose to file an action in federal court, where he is obligated to litigate his case in English. *United States v. Rivera-Rosario*, 300 F.3d 1, 5 (1st Cir. 2002) ("It is clear, to the point of perfect transparency, that federal court proceedings must be conducted in English."); *see also Anderson v. State Bar of California*, 908 F.2d 976 (9th Cir. 1990) (because "[t]he present action was initiated by" the plaintiff, "the district court had no duty to inquire as to the need for an interpreter or to appoint one if needed"); *Sentin v. Szczepankiewicz*, No. 23-CV-108LJV(F), 2024 WL 4599971, at *2 (W.D.N.Y. Oct. 29, 2024) ("Plaintiff . . . is not entitled to assignment of a translator to assist her in her deposition in this case. . . . Accordingly, there is no basis for delaying Plaintiff's deposition on account of Plaintiff's alleged need for a Tagalog

interpreter."); *Milinavicius v. Jackson*, No. 1:14-CV-62 (LJA), 2015 WL 13667160, at *1 (M.D. Ga. Apr. 9, 2015) ("[G]enerally, *pro se* civil litigants have no entitlement to an interpreter or translator." (citation modified)), *report and recommendation adopted,* 2015 WL 13667163 (M.D. Ga. July 20, 2015); *Nguyen v. Qualcomm, Inc.*, No. 09-CV-1925-MMA(WVG), 2013 WL 12061829, at *1 (S.D. Cal. Sept. 11, 2013) (Federal Rule of Civil Procedure 43(d) "does not authorize the Court to appoint interpreters for litigants in civil cases for the purpose of translating the overall proceeding"; it only provides the court discretion to appoint an interpreter for trial); *Nguyen v. Bartos*, No. 2:10-CV-1461 WBS KJN, 2011 WL 4443314, at *1 (E.D. Cal. Sept. 22, 2011) ("While plaintiff may have some difficulty with communicating in English, either verbally or in writing, he is obligated to litigate this action in English."); *Sayed v. Proffitt*, No. CIVA-09-CV-00869-MSK-KMT, 2010 WL 1687897, at *1 (D. Colo. Apr. 21, 2010) ("[Plaintiff] has been authorized to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. Such authorization, however, does not excuse a litigant from paying costs associated with an interpreter."). And this action is a far cry from the extremely "unique situation" underlying the court's appointment of an interpreter in *Soberano v. Arreygue Guillen*, a Hague Convention case upon which Ordaz Saez relies. No. 2:21-cv-01084-RSM, Dkt. No. 60 at 5 (W.D. Wash. Jan. 22, 2022). The Court notes that Mr. Ordaz Saez's pro se filings show that he is able to communicate in English. *See* Dkt. Nos. 6–9. Accordingly, the Court denies Ordaz Saez's motion for a court-appointed Spanish interpreter and payment by Defendant. Dkt. No. 9.

## III. CONCLUSION

For the foregoing reasons, the Court GRANTS IN PART and DENIES IN PART Ordaz Saez's motion to proceed in forma pauperis and for service by the U.S. Marshals Service, Dkt. No. 7, DENIES without prejudice Ordaz Saez's motion for remote appearances, Dkt. No. 8, and

DENIES Ordaz Saez's motion for a court-coordinated Spanish interpreter and payment by Defendant, Dkt. No. 9.

The Court further ORDERS that:

1. The Clerk is directed to request a waiver of service of summons in accordance with the provisions of Federal Rule of Civil Procedure 4(d) from JPMorgan Chase Bank, N.A. To that Defendant, the Clerk shall send a copy of the complaint (Dkt. No. 6), a copy of the completed summons, Dkt. No. 10, a copy of this Order, two copies of the form request for waiver of service of summons, and a return envelope, postage prepaid, addressed to the Clerk's Office. *See* Fed. R. Civ. P. 4(d).

2. The Clerk is directed to retain the summons and a copy of the amended complaint in their file for future use.

3. The Clerk shall file returned waivers of service of summons as well as any requests for waivers that are returned as undelivered as soon as they are received.

4. Defendant JP Morgan Chase Bank, N.A. shall respond to the complaint within the time provided by the applicable provisions of Federal Rule of Civil Procedure 12(a). A defendant who fails to timely return the signed waiver may be personally served with a summons and complaint and may be required to pay the full costs of such service. See Fed. R. Civ. P. 4(d)(2).

Should Defendant not waive service, the Court will order service by the United States Marshal as necessary.

Dated this 6th day of October, 2026.

Lauren King
United States District Judge